**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**ATALYA PETERSON,**                                                  **PLAINTIFF,**

**VS.**                                               **CIVIL ACTION NO. 4:06CV98-P-B**

**LOWE'S OF GREENVILLE, MISSISSIPPI,**
**INC.; BILLY GLASSCO, Individually and**
**As Zone Manager,**                                               **DEFENDANTS.**

## ORDER OF REMAND

This matter comes before the court upon Plaintiff's Motion to Remand [8-1]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The burden in this case is upon the defendants to persuade the Court of fraudulent joinder. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) This burden is a heavy one. *Id*. Furthermore, when dealing with a fraudulent joinder claim the court should not focus on who will ultimately prevail in the action. *Reed v. American General Life & Accident Ins. Co.*, 192 F.Supp.2d 641 (N.D. Miss. 2002). Indeed, when moving for remand the plaintiff's burden is "much lighter" than that necessary with summary judgment. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981).

There are two ways in which the defendants can establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since there is no dispute that all of the resident defendants are indeed residents of Mississippi, the second test applies in the instant case.

With respect to the second method for establishing fraudulent joinder, the following test applies: "If there is arguably a *reasonable basis* for predicting that the state law might impose

1

liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable*, not merely theoretical." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313, F.3d 305, 312 (5th Cir. 2002) (emphasis in *Travis*; internal citations and quotations omitted).

What is more, the Fifth Circuit in *Hart* wrote that they "have cautioned against 'pretrying a case to determine removal jurisdiction,' [and have stated] that fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." 199 F.3d at 246-247 (quoting *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990). However, "the court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff' and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor." *Hart*, 199 F.3d at 246.

The question presented in the case at bar is whether there is a reasonable basis for predicting that Mississippi law might impose liability on the facts involved with regard to the store manager defendant, Billy Glassco. Keeping in mind that this court is not to pre-try the case on the merits regarding this question, the court points to established Mississippi law holding that a store manager can in fact be held personally liable for personal injuries sustained in a store. "In Mississippi, an owner, occupant, or person in charge of a premises owes to an invitee or business visitor a duty to exercise ordinary care to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent, which the owner or occupier knows of or should know of in the exercise of reasonable care." *Waller v. Dixieland Food Stores, Inc.*, 492 So.2d 283, 285 (Miss. 1986); *J. C. Penney Co. v. Sumrall*, 318 So.2d 829, 831-32 (Miss. 1975).

Having considered the question in light of the standards above, the court concludes that after viewing the facts in a light most favorable to the plaintiff and resolving contested issues of fact and legal ambiguities in favor of the plaintiff, the plaintiff's motion to remand should be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Remand [8-1] is **GRANTED**; therefore,

(2) This action is **REMANDED** to the Circuit Court of Washington County, Mississippi from whence it came.

**SO ORDERED** this the 12th day of February, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE